Hyperlync Tech., Inc. v Verizon Sourcing LLC (2020 NY Slip Op 03174)





Hyperlync Tech., Inc. v Verizon Sourcing LLC


2020 NY Slip Op 03174


Decided on June 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2020

Renwick, J.P., Kapnick, Mazzarelli, Webber, JJ.


10772 650151/15

[*1] Hyperlync Technologies, Inc., et al., Plaintiffs-Appellants,
v
Verizon Sourcing LLC, Defendant-Respondent, Synchronoss Technologies, Inc. Defendant.


Crowell & Moring LLP, New York (Amanda Berman and Mark Klapow of counsel), for appellants.
Schlam Stone & Dolan LLP, New York (Norman (Jack) Minnear of counsel), for respondent.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered December 10, 2018, which granted defendant Verizon Sourcing, LLC's motion for summary judgment dismissing the misappropriation of trade secrets, misappropriation of ideas, and breach of contract causes of action as against it, unanimously affirmed, without costs.
Plaintiffs contend that, in breach of a nondisclosure agreement, defendant Verizon Sourcing, LLC (Verizon) disclosed confidential information about a peer-to-peer phone provisioning application (app) to plaintiff Hyperlync Multimedia Israel, Ltd.'s competitor, defendant Synchronoss Technologies, Inc., which then released its own phone provisioning app based on the misappropriated information.
Contrary to Verizon's arguments, plaintiffs described the allegedly misappropriated ideas with sufficient specificity (see Schroeder v Cohen, 169 AD3d 412 [1st Dept 2019]). Nevertheless, the ideas were not sufficiently novel to merit protection (see id.). The concepts behind plaintiffs' app were not new, were readily available in the public domain, and were used by a number of other apps on the market at the time. Plaintiffs argue that their app was an improvement in speed and functionality over the apps that existed in 2013. However, a smart adaptation of existing knowledge is not considered novel (see id.; see also Paul v Haley, 183 AD2d 44, 52-53 [2d Dept 1992], lv denied 81 NY2d 707 [1993]).
Nor were the ideas confidential (see Schroeder v Cohen, 169 AD3d at 413). Beginning in May 2013, before the alleged misappropriation, plaintiffs posted the app's demo videos on YouTube and repeatedly shared those videos with companies with which it did not have nondisclosure agreements. Plaintiffs' argument that the materials were promotional and did not contain any confidential information is belied by their own emails, in which they requested assurances of confidentiality. Plaintiffs' subjective understanding that there was an assurance of confidentiality does not create third-party obligations of confidentiality (id. at 413-414).
Plaintiffs also failed to establish that Verizon actually conveyed its ideas to Synchronoss. As an initial matter, plaintiffs did not share the app's source code, and they encrypted its builds, making the source code unaccessible to Verizon. The record does not show the form in which the misappropriated information was transferred, such as technical specifications, prototypes, or PowerPoint decks, or the person or persons who did the alleged transferring. Plaintiffs' expert's opinion that the competing apps functioned similarly is not sufficient to raise an issue of fact. As the opinion is not based on the expert's review of the source code, the fact that both apps accomplish the same task in a manner that might seem similar to an end user does not prove misappropriation.
Finally, plaintiffs failed to demonstrate that a certain non-Verizon employee was exposed to any confidential information or that he transferred the information to Synchronoss. Nor did they explain how a certain Verizon employee who did not have the
ability to suggest or impose a solution was able to transfer the allegedly confidential information to Synchronoss.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2020
CLERK